IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Nov 21 2019
U.S. DISTRICT COURT
Northern District of WV

DIANA MEY,

    Plaintiff,

v.

Civil Action No. 5:19-CV-315 (Bailey)

MEDGUARD ALERT, INC.,
SAFE HOME SECURITY, INC.,
and LIFEWATCH INC.,

    Defendants.

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendants MedGuard Alert, Inc., Safe Home Security, Inc., and Lifewatch Inc. (collectively, "Defendants"):

**Parties and Jurisdiction**

1. Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

2. Defendant MedGuard Alert, Inc. ("MedGuard") is a Connecticut corporation with a principal place of business located in Middletown, Connecticut.

3. Defendant Safe Home Security, Inc. ("Safe Home Security") is a Connecticut corporation with a principal place of business located in Middletown, Connecticut.

4. Defendant Lifewatch, Inc. ("Lifewatch") is a New York corporation with a principal place of business located in Middletown, Connecticut.

5. Defendants share the same principal place of business at 1125 Middle Street, Suite 201, Middletown, Connecticut 06457.

6. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in persistent course of conduct in West Virginia, and/or have derived substantial revenue from goods sold and services provided in West Virginia.

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining claims arising under state law.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. In particular, the telemarketing calls to Plaintiff occurred in this district.

**Defendants' Illegal Conduct**

9. Defendants sell medical alert systems to consumers throughout the United States, including West Virginia. Defendants market their medical alert systems to consumers through various means, including through unsolicited telemarketing calls.

10. Upon information and belief, Defendants have operated as a common enterprise while engaging in the deceptive and illegal telemarketing alleged herein and have conducted telemarketing efforts through an interrelated network of companies that have common ownership, business functions, and office locations.

11. Because Defendants operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged herein.

12. Upon information and belief, Defendants engaged numerous telemarketers to make unsolicited telemarking calls on Defendants' behalf and to market Defendants' medical alert systems.

13. Plaintiff's cellular telephone numbers are (304) 242-XXXX, 304-281-XXXX, and 304-280-XXXX. Plaintiff's numbers are listed on the Do Not Call Registry.

14. Despite being listed on the Do Not Call Registry, Defendants, directly or through one or more intermediaries, initiated telephone calls to Plaintiff to induce sales of Defendants' medical alert systems.

15. On various calls, Plaintiff learned from various representatives that they were calling on behalf of Defendants.

16. While Plaintiff received numerous unsolicited telemarketing calls from Defendants, the following calls evidence Defendants' unlawful conduct:

   a. On November 23, 2015, Plaintiff received a call from 727-270-7643 to 304-242-XXXX and the agent represented that he was calling on behalf of Lifewatch. Plaintiff received numerous calls from that same number. And on December 15, 2015, the agent again represented that he was affiliated with Lifewatch.

   b. On February 21, 2019, Plaintiff received a prerecorded voice message from 304-837-1107 to 304-280-XXXX. The caller was identified as "Sarah from Be Safe At Home." Upon information and belief, MedGuard was doing business as "Be Safe At Home."

   c. On August 20, 2019, Plaintiff received a prerecorded voice message from 304-853-1150 to 304-280-XXXX. After feigning interest in the product/services, Plaintiff was transferred to a live agent who represented that he was affiliated with Five Diamond Home Security. Upon information and belief, Safe Home Security was doing business as "Five Diamond Home Security."

17. Prior to receiving the above-described telephone calls from Defendants, Plaintiff never consented to be called.

18. Upon information and belief, Defendants' telemarketing efforts included the use of an automated telephone dialing system. On several calls, there was an unnatural pause before connecting Plaintiff to a representative. This pause is consistent with the use of an ATDS, which waits until the call is answered before connecting the recipient with an available representative.

19. In some instances, Defendants, acting directly or through one or more intermediaries, "spoofed" their calls by transmitting phony caller identification information so that call recipients do not know the true source of the calls.

20. In numerous instances, Defendants, acting directly or through one or more intermediaries, failed to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call: the identity of the seller; that the purpose of the call is to sell goods or services; or the nature of the goods or services.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

21. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

22. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

23. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

24. Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. 47 U.S.C. § 227(c)(5).

25. As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Red. 12391, 12397 ¶ 13 (1995).

26. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone number of Plaintiff using an ATDS and prerecorded messages.

27. Defendants violations were negligent, willful, and knowing.

## COUNT II
**Violations of the TCPA, 47 U.S.C. § 227(c)**

28. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

29. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

30. Plaintiff received more than one telephone call within a 12-month period by or on behalf of Defendants in violation of the TCPA. Defendants violations were negligent, willful, and knowing.

## COUNT III
## Unfair or Deceptive Acts of Practices

31. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

32. Defendants knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification technology that allows the consumer to identify from what phone number or organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W. Va. Code § 46A-6F-501.

33. On multiple occasions, Defendants misrepresented the origin of their calls by circumventing caller identification technology. Specifically, Defendants manipulated the caller identification to suggest that they were calling from a local West Virginia number.

34. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6F-501, et seq.

WHEREFORE, Plaintiff requests that this Court: (i) find that Defendants are jointly and severally liable to Plaintiff for the conduct alleged herein; (ii) award Plaintiff damages, including, but not limited to, compensatory damages, liquidated statutory damages, and trebled statutory damages; (iii) enjoin Defendants from making future calls to Plaintiff; (iv) award Plaintiff reasonable attorneys' fees and costs; and (v) award such other and further relief as this Court deems just and proper under the circumstances.

JURY TRIAL DEMANDED

**DIANA MEY**

By Counsel

/s/ Andrew C. Robey
Andrew C. Robey (WVSB #12806)
Ryan M. Donovan (WVSB #11660)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com