IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY,

    Plaintiff,

v.                                         Civil Action No. 5:19-cv-315

MEDGUARD ALERT, INC.,
SAFE HOME SECURITY, INC.,
and LIFEWATCH INC.,

    Defendants.

## AMENDED COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Amended Complaint[1] against Defendants MedGuard Alert, Inc., Safe Home Security, Inc., and Lifewatch Inc. (collectively, "Defendants"):

**Parties and Jurisdiction**

1. Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

2. Defendant MedGuard Alert, Inc. ("MedGuard") is a Connecticut corporation with a principal place of business located in Middletown, Connecticut.

3. Defendant Safe Home Security, Inc. ("Safe Home Security") is a Connecticut corporation with a principal place of business located in Middletown, Connecticut.

4. Defendant Lifewatch, Inc. ("Lifewatch") is a New York corporation with a principal place of business located in Middletown, Connecticut.

---

[1] A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). This amended complaint is timely, as Defendants filed their Rule 12(b) motion on January 13, 2020.

5. Defendants share the same principal place of business at 1125 Middle Street, Suite 201, Middletown, Connecticut 06457.

6. Upon information and belief, Lifewatch is owned in whole or in part by MedGuard.

7. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in persistent course of conduct in West Virginia, and/or have derived substantial revenue from goods sold and services provided in West Virginia.

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining claims arising under state law.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. In particular, the telemarketing calls to Plaintiff occurred in this district.

**Defendants' Common Enterprise**

10. David Roman is, or was at all times relevant hereto, the Vice President and Chairman of Lifewatch, President and Treasurer of Safe Home Security, and President of MedGuard.

11. Defendants, through David Roman, conducted the telemarketing practices described herein through an interrelated network of companies that have common ownership and management, business functions, and office locations.

12. On July 14, 2016, the Federal Trade Commission and the State of Florida filed their Amended Complaint for Permanent Injunction and Other Equitable Relief against, among others,

Defendants Lifewatch, Safe Home Security, and MedGuard. See *F.E.C., et al. v. Lifewatch Inc., et al.*, No. 15-cv-5781 (N.D. Ill.), ECF 165.

13. The FEC alleged, among other things, that Defendants Lifewatch, Safe Home Security, and MedGuard operated as a common enterprise while engaging in deceptive and unfair telemarketing activities. *See id*. Specifically, Defendants, acting directly or through one or more of their intermediaries, were alleged to have made calls to telephone numbers on the National Do Not Call Registry, "spoofed" their calls by transmitting phony caller identification information to disguise the true source of the calls, and initiated prerecorded outbound telemarketing calls to consumers without prior written consent.

14. Ultimately, Defendants stipulated to the entry of a Stipulated Order for Permanent Injunction and Other Equitable Relief, which was entered by the Court on June 24, 2019. *See id*. at ECF 422-1. David Roman executed the Stipulation in his individual capacity and as an officer or manager of Lifewatch, Safe Home Security, and MedGuard.

15. In addition to enjoining future deceptive and abusive telemarketing practices, judgment was entered against Safe Home Security and MedGuard in the amount of $8,943,416 and against Lifewatch in the amount of $25,266,886.

**Defendants' Illegal Conduct**

16. Defendants sell medical alert systems and services to consumers throughout the United States, including West Virginia. Defendants market their medical alert systems to consumers through various means, including through unsolicited telemarketing calls.

17. Upon information and belief, Defendants have operated as a common enterprise while engaging in the deceptive and illegal telemarketing alleged herein and have conducted

telemarketing efforts through an interrelated network of companies that have common ownership, business functions, and office locations.

18. Because Defendants operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged herein.

19. Upon information and belief, Defendants engaged numerous telemarketers to make unsolicited telemarking calls on Defendants' behalf and to market Defendants' medical alert systems and services.

20. Plaintiff's cellular telephone numbers are (304) 242-XXXX, 304-281-XXXX, and 304-280-XXXX. Plaintiff's numbers are listed on the Do Not Call Registry.

21. Despite being listed on the Do Not Call Registry, Defendants, directly or through one or more intermediaries, initiated telephone calls to Plaintiff to induce sales of Defendants' medical alert systems and services.

22. On various calls, Plaintiff learned from various representatives that they were calling on behalf of Defendants.

23. While Plaintiff received numerous unsolicited telemarketing calls from each Defendant, the following calls evidence Defendants' unlawful conduct:

    a. On November 23, 2015, Plaintiff received a call from 727-270-7643 to 304-242-XXXX and the agent represented that he was calling on behalf of Lifewatch. Plaintiff received numerous calls from that same number. And on a later December 15, 2015 call, the agent again represented that he was affiliated with Lifewatch.

    b. On August 22, 2018, Plaintiff received a prerecorded voice message from 304-439-1938 to 304-281-XXXX. The caller was identified as "Sarah from Be Safe At

4

Home." On February 21, 2019, Plaintiff received another call with a prerecorded voice message from "Sarah from Be Safe At Home."

c.  On August 20, 2019, Plaintiff received a prerecorded voice message from 304-853-1150 to 304-280-XXXX. After feigning interest in the product/services, Plaintiff was transferred to a live agent who represented that she was affiliated with Five Diamond Home Security.

24. Upon information and belief, MedGuard was doing business as "Be Safe At Home." A third-party individual confirmed that he received a similar call from "Be Safe At Home," after which his credit card was charged by MedGuard.

25. Upon information and belief, Safe Home Security was doing business as "Five Diamond Home Security." During the August 20, 2019 call, the agent represented that Michael Blakeney would be the installer of the system for Five Diamond. Mr. Blakeney is believed to be a regional manager for Security Systems, Inc. d/b/a Safe Home Security, according to LinkedIn and a public GoFundMe page.

26. Prior to receiving the above-described telephone calls from Defendants, Plaintiff never consented to be called.

27. Upon information and belief, Defendants' telemarketing efforts included the use of an automated telephone dialing system. On several calls, there was an unnatural pause before connecting Plaintiff to a representative. This pause is consistent with the use of an ATDS, which waits until the call is answered before connecting the recipient with an available representative.

28. In some instances, Defendants, acting directly or through one or more intermediaries, "spoofed" their calls by transmitting phony caller identification information so that call recipients do not know the true source of the calls.

29. In numerous instances, Defendants, acting directly or through one or more intermediaries, failed to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call: the identity of the seller; that the purpose of the call is to sell goods or services; or the nature of the goods or services.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

30. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

31. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

32. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

33. Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. 47 U.S.C. § 227(c)(5).

34. As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing

the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Red. 12391, 12397 ¶ 13 (1995).

35. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone number of Plaintiff using an ATDS and prerecorded messages.

36. Defendants violations were negligent, willful, and knowing.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)

37. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

39. Plaintiff received more than one telephone call within a 12-month period by or on behalf of Defendants in violation of the TCPA. Defendants violations were negligent, willful, and knowing.

## COUNT III
### Unfair or Deceptive Acts of Practices

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. Defendants knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification

technology that allows the consumer to identify from what phone number or organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W. Va. Code § 46A-6F-501.

42. On multiple occasions, Defendants misrepresented the origin of their calls by circumventing caller identification technology. Specifically, Defendants manipulated the caller identification to suggest that they were calling from a local West Virginia number.

43. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6F-501, et seq.

WHEREFORE, Plaintiff requests that this Court: (i) find that Defendants are jointly and severally liable to Plaintiff for the conduct alleged herein; (ii) award Plaintiff damages, including, but not limited to, compensatory damages, liquidated statutory damages, and trebled statutory damages; (iii) enjoin Defendants from making future calls to Plaintiff; (iv) award Plaintiff reasonable attorneys' fees and costs; and (v) award such other and further relief as this Court deems just and proper under the circumstances.

JURY TRIAL DEMANDED

**DIANA MEY**

By Counsel

/s/ Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on the 27th day of January 2020, a true copy of the foregoing document was served upon all parties of record electronically via this Court's CM/ECF system.

/s/ Andrew C. Robey