IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DIANA MEY,**

    Plaintiff,

v.                                                   CIVIL ACTION NO. 5:19-cv-315
                                                      (BAILEY)

**MEDGUARD ALERT, INC.,
SAFE HOME SECURITY, INC.,
LIFEWATCH, INC.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS MEDGUARD ALERT, INC.'S AND SAFE HOME SECURITY INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)

Pending before this Court is Defendants Medguard Alert, Inc.'s and Safe Home Security Inc.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) [Doc. 11], which was filed on February 10, 2020. The Motion has been fully briefed and is ripe for decision. For the reasons that follow, the Motion will be **DENIED**.

## BACKGROUND

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). According to the amended complaint, defendants conducted a common enterprise whereby they engaged telemarketers to make unsolicited calls to the plaintiff on telephone numbers listed on the Do Not Call Registry. [Doc. 9 at 2-4]. Specifically, plaintiff alleges that on three separate calls, an agent represented that he was affiliated with Lifewatch, a

1

caller on a prerecorded call identified herself as "Sarah from Be Safe at Home," and an agent represented that she was affiliated with Five Diamond Home Security. [Id. at 4-5]. Plaintiff alleges that Medguard was doing business as "Be Safe at Home" and that an unnamed third-party individual received a similar call from "Be Safe at Home" before being charged by MedGuard. [Id. at 5]. Further, plaintiff alleges that Safe Home Security was doing business as "Five Diamond Home Security," and that the agent indicated that the installer for Five Diamond Home Security would be Michael Blakeney, who is alleged to be a regional manager for Security Systems, Inc., a company doing business as Safe Home Security. [Id.].

On November 21, 2019, plaintiff filed the complaint in this case. [Doc. 1]. On January 13, 2020, defendants Medguard Alert, Inc. and Safe Home Security, Inc. ("defendants") filed a motion to dismiss for failure to state a claim. [Doc. 4]. In response to the motion, plaintiff filed an amended complaint on January 27, 2020. [Doc. 9]. In light of the amended complaint, this Court denied the motion to dismiss without prejudice. [Doc. 10]. Defendants then filed the instant motion.

In their motion to dismiss, defendants argue that plaintiff has failed to state a claim against either Medguard or Safe Home. [Doc. 11 at 4]. Specifically, defendants raise two arguments. First, defendants argue that the complaint does not plausibly allege that Medguard or Safe Home are responsible for the calls in question because it does not establish a connection to the entities identified on those calls. [Id. at 5]. Defendants contend that the allegations cannot be based solely on information and belief, and that the specific facts fail to allege a connection. [Id. at 6-7]. As to Medguard, defendants argue that because the plaintiff does not identify details of the call involving the unnamed

2

individual charged by Medguard, "the Amended Complaint provides no information that would allow the Court to even evaluate the veracity of these hearsay allegations." [Id. at 7]. As to Safe Home, defendants contend that plaintiff has not plausibly alleged that Mr. Blakeney works for Safe Home Security, Inc. [Id. at 8-9]. The defendants have attached to their motion a LinkedIn page for Mr. Blakeney, referenced in the Amended Complaint, which they contend supports their argument as it does not directly reference Safe Home Security, Inc. [Doc. 11 at 9, Doc. 11-1]. Second, defendants argue that the complaint does not plausibly plead that the defendants are part of a common enterprise. Defendants argue that although the Complaint alleges that Safe Home and Medguard have the same corporate address, it fails to allege that the companies comingle funds, share common ownership, have common business functions, or are otherwise subject to common control. [Doc. 11 at 12]. Further, although the plaintiff includes in its allegations a 2016 FTC complaint which alleged a common enterprise among these defendants, they contend that plaintiff is attempting to use mere allegations to prop up her own complaint. [Id. at 13]. Finally, although the Amended Complaint alleges that David Roman is an officer in all three defendant corporations, defendants contend "that allegation is not enough to plausibly allege that they operated as a common enterprise." [Id.].

On February 24, 2020, plaintiff filed a response. [Doc. 16]. Plaintiff raises four arguments against the motion to dismiss. First, in her introduction, plaintiff contends that in dismissing the first motion to dismiss following the filing of the Amended Complaint, this Court already ruled on the sufficiency of the Amended Complaint. [Id. at 1-2]. Second, plaintiff argues that defendants incorrectly ask this Court to "evaluate the veracity" of the allegations, which is not the correct standard of review of well-plead factual allegations on

3

a motion to dismiss. [Id. at 2]. Third, plaintiff contends that the issue of the relationship of Blakeney to Safe Home Security, Inc. is a factual dispute and thus inappropriate at the motion to dismiss stage. [Id. at 3]. Fourth, plaintiff argues that she has sufficiently alleged that all three defendants operated as a common enterprise, and that although the allegations "may not ultimately *prove* a common enterprise, they certainly suffice to state a plausible claim for relief." [Id. at 3].

On March 2, 2020, defendants filed their reply in support of their motion. [Doc. 17]. First, defendants argue that this Court's previous order dismissing a motion to dismiss, which was without prejudice, did not reach the merits of the motion because it was aimed at a Complaint which had been superseded. [Id. at 2]. Second, defendants contend that there is no factual dispute, and that allegations connecting defendants to the calls in question "are implausible and self-defeating, and can be dismissed as a matter of law." [Id. at 3]. As to the allegations related to Mr. Blakeney, defendants contend that this Court can consider his LinkedIn page, referenced in the Amended Complaint, which lists him as working for Security Systems, Inc. rather than Safe Home. [Id. at 4]. Finally, they reiterate their argument that the Amended Complaint does not plausibly plead a common enterprise; that allegations of common office space and ownership are not, by themselves, enough to plead a common enterprise, and that "the mere *accusation* by a federal agency that the Defendants act as a common enterprise furthers her common enterprise theory." [Id. at 5].

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "'enough facts to state a claim

4

to relief that is *plausible* on its face.' ***Bell Atl. Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to

a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396-97.

## ANALYSIS

As an initial matter, plaintiff's argument that the Motion must be denied because this Court "already ruled on the sufficiency of the Plaintiff (sic) amended complaint" is without merit. [Doc. 16 at 1]. The previous order to which plaintiff refers [Doc. 10] did not reach the merits of the underlying motion and, importantly, denied the defendants' motion to dismiss without prejudice. As the defendants note in their reply, "the Court simply denied the motion to dismiss because it was directed at a complaint that was no longer operative." [Doc. 17 at 2]. However, having now reached the merits of the instant motion to dismiss, this Court finds that the motion should be denied.

First, the Amended Complaint plausibly alleges that Medguard was responsible for the August 22, 2018 call. The Amended Complaint alleges that plaintiff received a prerecorded message from an individual identifying herself as "Sarah from Be Safe at Home." [Doc. 9 at 4-5]. The plaintiff contends that Medguard was doing business as Be Safe at Home based on the allegation that "[a] third-party individual confirmed that he received a similar call from "Be Safe at Home," after which his credit card was charged by MedGuard." [Id. at 9]. Defendants cite *Walker v. S.W.I.F.T. SCRL*, 517 F.Supp.2d 801 (E.D. Va. 2007), for the proposition that plaintiff may not rely on this anonymous source to "paper over the factual deficiencies of the Amended Complaint." [Doc. 11 at 8]. However, this case is distinguishable from *Walker*. In *Walker* the plaintiffs relied on a newspaper article which cited an anonymous source; the Court explained that "if an anonymous source remains anonymous, there appears to be no way to conduct a reasonable inquiry

6

into the source's reliability." ***Walker v. S.W.I.F.T. SCRL***, 517 F.Supp.2d at 807. Here, the fact that plaintiff did not name this individual in the complaint does not make this equivalent to an anonymous newspaper source. Defendants may seek to obtain more information on this alleged call through discovery, and if information is lacking, are free to move for summary judgment. Defendants argue that without details of this call "the Amended Complaint provides no information that would allow the Court to even to (sic) evaluate the veracity of these hearsay allegations." [Doc. 11 at 7]. Evaluating the veracity of the allegations is not the standard on a motion under 12(b)(6), and the Court finds that the Amended Complaint has plausibly stated a claim against Medguard.

Second, the Amended Complaint plausibly alleges that Safe Home Security, Inc. was responsible for the August 20, 2019 call. The plaintiff alleges that the agent on this call represented that Michael Blakeney would be the installer, and that Mr. Blakeney's LinkedIn page and a public GoFundMe page link him to Safe Home Security. Defendants note that this Court may consider documents attached to the complaint, including websites referenced in the complaint. [Doc. 11 at footnote 1]. The defendants then point out that Mr. Blakeney's LinkedIn page references a "Security Systems, Inc.," but makes no mention of Safe Home Security. [Id. at 9]. However, defendants conveniently neglected the other website referenced, the public GoFundMe page, in which a Michael Blakeney alludes to working at "Safe Home." Michael Blakeney, Help Our Fellow Brother in the Field, https://www.gofundme.com/f/help-our-fellow-brother-in-the-field (last visited March 6, 2020). This is certainly far from conclusive proof, but, taken with the other allegations, is enough to plausibly connect Safe Home to the call in question.

Third, the Amended Complaint plausibly alleges that the three defendants acted as

7

a common enterprise. The Amended Complaint alleges that all three defendants share the same principal place of business and that David Roman is employed by all three. [Doc. 9 at 2]. Further, the Amended Complaint alleges that David Roman executed a stipulation in a previous case in his capacity as an officer of each of the three defendant companies. [Id. at 3]. This allegation in particular goes to a plausible theory of common control. Defendants contend that "a common enterprise *can only be found if* a plaintiff can show: 'common control, the sharing of office space and officers, whether business is transacted through a maze of interrelated companies, the commingling of corporate funds and faliure to maintain separation of companies, unified advertising, and evidence which reveals that no real distinction existed between the Corporate Defendants." [Doc. 17 at 5] (emphasis added), citing *In re Sanctuary Belize Litig.*, 409 F.Supp.3d 380, 397 (D. Md. 2019). But defendants omit the portion of *In re Sanctuary Belize Litig.* which states that these are *factors* a court looks to, not elements which must each be individually alleged. As with the allegations connecting defendants to the calls in question, plaintiff has not proven her case in regard to defendants' alleged common enterprise, but she has stated a claim for relief sufficient to survive a motion under 12(b)(6).

## CONCLUSION

Upon consideration of the above, Defendants Medguard Alert, Inc.'s and Safe Home Security Inc.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) **[Doc. 11]** is **DENIED**.

It is so **ORDERED**.

**DATED:** March 16, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE