IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**FILED**
**SEP 1 4 2020**
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

DIANA MEY,

    Plaintiff,

v.

CIVIL ACTION NO.: 5:19CV315
(BAILEY)

MEDGUARD ALERT, INC., SAFE HOME
SECURITY, INC., and
LIFEWATCH, INC.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION [41] TO COMPEL

Currently pending is Plaintiff's Motion to Compel, filed August 7, 2020. ECF No. 41. This Motion was referred to the undersigned by Order of Referral, entered August 19, 2020. ECF No. 44. On August 20, 2020, the undersigned entered an Order Setting Deadlines and Oral Argument/Evidentiary Hearing. ECF No. 45. Pursuant to said Order, Defendants, MedGuard Alert, Inc., and Safe Home Security, Inc. ("Defendants") filed their response brief on August 21, 2020. ECF No. 47. Plaintiff filed her reply brief on September 2, 2020. ECF No. 48. An Evidentiary Hearing and Oral Argument was held on September 9, 2020. After considering the parties' arguments, the applicable law, and the Court file, and after considering the arguments made during the September 9, 2020 hearing, the undersigned is prepared to issue a decision.

### I.
### FACTUAL/PROCEDURAL HISTORY

This case arises out of a set of phone calls allegedly made to Diana Mey despite her listing on the federal "DO NOT CALL" list. Plaintiff claims the Defendants' attempted to sell their

products and services to her through unsolicited robocalls in violation of the TCPA. Plaintiff also claims to have connected these Defendants directly to the robocalls she experienced with the help of a third-party, Stewart Abramson.

In her Motion to Compel, Plaintiff seeks to compel answers to her second set of discovery, which was propounded upon Defendants on or about July 1, 2020. ECF No. 33. Among other things, this discovery seeks the name of the agent that assigned the monitoring agreement for Stewart Abramson to MedGuard. As Plaintiff states in her brief, this information would "necessarily identify the MedGuard agent responsible for sending the unique prerecorded messages to Plaintiff and Abramson." ECF No. 41, at pg. 3.

## II.
## ARGUMENTS OF THE PARTIES

### A. Plaintiff's Arguments

Plaintiff argues that Defendants' responses to Plaintiff's second set of discovery constitute an effective refusal to answer this discovery. Plaintiff contends that Defendants have disingenuously sought extension after extension during discovery in a bid to avoid answering any of Plaintiff's discovery questions, and to avoid providing documents responsive to Plaintiff's document requests. Plaintiff cites her first set of discovery, propounded on April 7, 2020 [ECF No. 25], and which was not answered by Defendants until June 2020, as an example.[1] Plaintiff argues that Defendants' answers to Plaintiff's second set of discovery is further proof of this design and plan.

---

[1] Medguard Alert, Inc. and Safe Home Security, Inc. answered Plaintiff's first set of discovery on or about June 16, 2020. ECF No. 30 and 31.

2

Plaintiff also objects to Defendants' characterization of the discovery requests at issue as 'follow up' requests. Plaintiff maintains that the information sought via Plaintiff's second set of discovery is information which has been sought since the beginning of this litigation, including via Plaintiff's first set of discovery requests, but which has never been provided by Defendants. Plaintiff asks the Court to grant the instant Motion to Compel to avoid rewarding Defendants for their gamesmanship.

### B. Defendants' Arguments

Defendants argue that they are not obligated to answer Plaintiff's second set of discovery because they were propounded within thirty (30) days of the discovery end date,[2] in violation of the District Court's Scheduling Order. Defendants argue that these discovery requests violate the timelines and guidelines set forth in the District Court's Scheduling Order, which should not be disregarded. Defendants further point out that Defendants attempted to arrange a joint motion for extension of discovery, but Plaintiff refused. Defendants argue that Plaintiff cannot now be permitted to violate the Court's Scheduling Order and the discovery rules to obtain this late discovery.

Defendants also point out that, despite Plaintiff's characterization of them, Plaintiff's second set of discovery requests do not relate in any way to Plaintiff's first set of discovery requests. Defendants note that Plaintiff has had since January 2020 to seek the information currently sought by Plaintiff's second set of discovery requests but has failed to do so. Defendants argue that they should not be compelled to respond to this late discovery because of Plaintiff's inactivity.

---

[2] July 13, 2020.

3

## III.
## APPLICABLE LAW

Plaintiff's Motion seeks an Order compelling answers to discovery requests. As such, the following discovery rules are implicated by Plaintiff's Motion.

Fed. R. Civ. P. 26 provides in relevant part as follows: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Importantly, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 33 governs interrogatories and provides in relevant part as follows: "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Further, all objections "must be stated with specificity." Objections such as 'overly broad, burdensome, oppressive, and irrelevant' do not constitute specific objections within the meaning of the rule. *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Fed. R. Civ. P. 34 governs requests for production and responses thereto, and provides in relevant part as follows: "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Further, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

4

Parties who have been served with interrogatories and/or requests for production of documents have thirty (30) days from the date of service within which to respond. A shorter or longer time may be stipulated to under the Rules or ordered by the Court. *See* Fed. R. Civ. P. 33 and 34.

Motions to Compel responses to interrogatories and requests for production are governed by Fed. R. Civ. P. 37(a)(2)(B), which provides in relevant part that, if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." The party opposing the motion to compel bears the burden of proving why the motion should not be granted. *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W.Va. 1970). Pursuant to LR Civ P 37.02(b) a motion to compel or other motion in aid of discovery is deemed waived if it is not filed within thirty (30) days after the discovery response or disclosure requirement sought was due.

## IV.
## DISCUSSION

In addition to the aforementioned law, the District Court's Scheduling Order governs the instant matter. Pursuant to the Scheduling Order [ECF No. 14], "[a]ll discovery shall be fully served and completed by **July 13, 2020**." (Emphasis in original.) The Scheduling Order further provides that "'[c]ompleted discovery' as used in Fed. R. Civ. P. 16(b) means that all discovery requests are to be filed far enough in advance to be completed as required by the rules before the discovery deadline," and that "motions to compel and all other motions relating to discovery in this civil action…are to be filed no later than one week after the discovery completion date."

5

ECF No. 14 at p. 3. The Scheduling Order further provides that "[t]he Court will not consider any untimely filed discovery related motions." *Id.*

According to the District Court's Scheduling Order, Plaintiff's second set of discovery and Plaintiff's Motion to Compel are untimely. Plaintiff's second set of discovery was propounded less than two (2) weeks before the discovery completion date, and therefore did not provide Defendants' thirty (30) days within which to answer said discovery as required by the District Court's Scheduling Order. Further, the instant Motion was filed almost four (4) weeks after the discovery completion date, which is almost three (3) weeks beyond the deadline set in the District Court's Scheduling Order. Because Plaintiff's second set of discovery is untimely, and because the instant Motion to Compel is similarly untimely, the undersigned must deny the same.

In making this ruling, the undersigned wishes to make clear that the undersigned considered the entirety of the record, including the substantive arguments for and against the relief sought by Plaintiff, and did not simply look at the filing dates to make this decision. Indeed, Plaintiff's arguments regarding the issue of timeliness were thoroughly considered. While these arguments are compelling at first blush, upon a deeper examination, it is apparent that these arguments are without merit.

Plaintiff first argues that Defendants' delay in answering Plaintiff's first set of discovery caused Plaintiff's delay in propounding the second set of discovery. However, it is not immediately clear from Plaintiff's Motion or the Court record why Defendants' alleged delay in answering Plaintiff's first set of discovery prevented Plaintiff from propounding Plaintiff's second set of discovery. Despite the extensive history regarding Plaintiff's first set of discovery set forth in Plaintiff's Motion, Plaintiff never states exactly why Defendants' delay in answering Plaintiff's first set of discovery prevented Plaintiff from propounding her second set of discovery.

Plaintiff next argues that the information at issue in her second set of discovery had been previously requested in Plaintiff's first set of discovery, and therefore, the requests made in Plaintiff's second set of discovery are not new requests. Plaintiff supports this argument by weaving together language contained in her Amended Complaint, her Initial Disclosures, and in her first set of discovery. A comprehensive review of the aforementioned documents, however, does not support this argument. Indeed, there is no indication that the information which is being sought in Plaintiff's second set of discovery requests was explicitly requested prior to July 1, 2020. Moreover, even if it was, and if Plaintiff was still not in possession of the same by July 1, 2020, it is unclear why Plaintiff did not file a Motion to Compel regarding Plaintiff's first set of discovery instead of propounding a new set of discovery requests.

Finally, it is important to note that Defendants proposed filing a joint Motion to extend discovery deadlines [ECF No. 47-1]. Such a move would have sought the District Court's leave to amend the current Scheduling Order and would likely have obviated the need for the instant Motion to Compel. Plaintiff declined this offer. However, Plaintiff now seeks relief which would effectively amend the current Scheduling Order <u>without</u> leave of the District Court. The undersigned does not have the authority to amend the current Scheduling Order, and thus, cannot grant Plaintiff the relief she seeks.

## V.
## CONCLUSION

Accordingly, and for all of the foregoing reasons, Plaintiff's Motion [41] to Compel should be and is hereby **DENIED**.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested, and to counsel of record herein.

Dated: 9-14-2020

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE